IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STRATEGIC ENERGY, L.L.C,

    Plaintiff,

vs.                                      No. 2:06-cv-1100

AGRIFOS FERTILIZER INC., formerly
AGRIFOS FERTILIZER LP,

    Defendant.

## MEMORANDUM OPINION

On August 18, 2006, Plaintiff Strategic Energy, L.L.C. (Strategic), a Pennsylvania limited liability company, filed a Complaint in this Court against Defendant Agrifos Fertilizer Inc. (Agrifos), a fertilizer dealer located in Texas but incorporated under the laws of Delaware. In its Complaint, Strategic alleges that it supplied electricity to Agrifos in Texas, but that Agrifos failed to pay for those services pursuant to the parties' written agreement. The Court has jurisdiction of this dispute pursuant to 28 U.S.C. §1332.

On October 19, 2006, Agrifos filed a Motion to Transfer Case to the Southern District of Texas (Motion), along with supporting exhibits. On November 13, 2006, Strategic filed an Opposition to the Motion to Transfer (Opposition) and exhibits in support thereof, arguing that this case should remain here in the Western District of Pennsylvania. On November 22, 2006, Agrifos filed its Reply Brief in Support of its Motion to Transfer (Reply). After reviewing the pleadings and the applicable caselaw, the Court concludes that the Motion should be granted.

"For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." 28 U.S.C. §1404(a). As the language of Section 1404 suggests, the first step the Court must take in evaluating a motion to transfer is to determine whether the action might have been brought in the transferee forum. *See Zokaites v. Land-Cellular Corp.*, 424 F. Supp.2d 824, 839 (W.D. Pa. 2006).

In the case at bar, the transferee forum would be the Southern District of Texas, and it is beyond cavil that the matter could have been brought there. As Agrifos notes, Texas utility regulations required Strategic to open and maintain an office in Texas before it could be certified by the Public Utility Commission of Texas (PUC) to sell electricity to Texas consumers. Pursuant to those regulations, Strategic opened an office in Houston, Texas — approximately 30 miles from Agrifos's offices in Pasadena, Texas — and continues to operate that office. Finally, it appears that the omissions that gave rise to these claims arose in the Southern District of Texas.

Having concluded that this lawsuit could have been filed in the Southern District of Texas, the Court now must determine whether it should be transferred. In making this determination, the Court considers both public and private factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors the Court may consider are: (1) Strategic's forum preference; (2) Agrifos's preference; (3) where the claim arose; (4) the relative physical and financial conditions of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the fora; and (6) the extent to which books and records could not be produced in one of the fora. *See id.* The public factors to be considered include: (1) the enforceability of a judgment; (2) practical considerations that could make a trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court

congestion; (4) the local interest in deciding the controversy; (5) the public policies of the fora; and where — as here — the jurisdictional basis of the case is diversity, (6) the familiarity of the trial court with the applicable state law. *See id.* at 879-80. Although Agrifos bears the burden of showing that a transfer is appropriate, *see id.* at 878, in discharging this burden, a defendant need not show "truly compelling circumstances," but, instead, must show that upon a proper balancing of all relevant factors, the "case would be better off transferred to another district." *In re United States,* 273 F.3d 380, 388 (3d Cir. 2001).

In this case, although a plaintiff's choice of forum is given deference, *see Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970), and although Agrifos sent correspondence and payment to Pennsylvania, the other private and public factors weigh in favor of a transfer. In the course of stating its preference for a Texas forum, Agrifos has persuaded the Court that this matter is far more closely connected with Texas, than it is with Pennsylvania. Specifically, to participate in the Texas utility market, Strategic was required to open, and did open, a Texas office. Strategic's personnel traveled to Texas several times to meet with Agrifos, but Agrifos apparently never sent its employees to Pennsylvania. When the parties did reach an agreement, they explicitly provided that the agreement was to be interpreted under Texas law. Agrifos is located in Texas, and has explained why it would be more costly and inconvenient for some of its witnesses — which include witnesses from the Texas PUC — to travel to Pennsylvania to give live testimony.

In the final analysis, it appears that Strategic went to Texas for the express purpose of becoming a player in the Texas utilities market. Strategic established a physical presence in Texas, agreed to be bound by that state's laws, and provided electricity to Agrifos there.

Strategic purposefully availed itself of the Texas market for business purposes and accordingly, it is only fair that it should submit to jurisdiction there. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Accordingly, Agrifos's Motion to Transfer Case to the Southern District of Texas should be granted.

An appropriate order follows.

Dated: December 4, 2006              BY THE COURT:

                                     */s/ Thos. M. Hardiman*
                                     _____
                                     Thomas M. Hardiman
                                     United States District Judge